**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

MARK OLIN,

Plaintiff/Counterclaim Defendant,

vs.

MINNESOTA TEAMSTERS CONSTRUCTION DIVISION HEALTH & WELFARE FUND; KEITH KRAMER, DANNY LOPEZ, GEORGE MATTSON, TOM NELTON, WAYNE PERLEBERG, PALMER PETERSON, PAT RADZAK, DAVID SWANSON, AL THOMAS, ROBERT ULLAND, GEORGE VOJTA, CHESTER WILANDER, in their capacity as Trustees of the MINNESOTA TEAMSTERS CONSTRUCTION DIVISION HEALTH & WELFARE FUND,

Defendants/Counterclaimants.

Civil No. 00-1748 DDA/FLN

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

---

THILL LAW FIRM, P.A., by WILLIAM R. HAUCK, St. Louis Park, Minnesota, appeared on behalf of Plaintiff/Counterclaim Defendant.

McGRANN SHEA ANDERSON CARNIVAL STRAUGHN & LAMB, CHARTERED, by RICHARD L. EVANS and KATHLEEN M. BRENNAN, Minneapolis, Minnesota, appeared on behalf of Defendants/Counterclaimants.

---

This case involves determining the rights of the parties under an employee health and disability benefit plan. Plaintiff Mark Olin ("Olin") is a participant in Defendant Minnesota Teamsters Construction Division Health & Welfare Fund ("the Fund"). Olin sued the Fund in Minnesota state court, alleging that the Fund wrongfully refused to pay benefits to Olin. The Fund removed the case to federal court[1] and asserted a counterclaim against Olin, alleging that Olin failed to fulfill an obligation to reimburse the Fund from the proceeds of a workers' compensation

---

[1] Federal jurisdiction over Olin's claim exists because the Fund is an "employee welfare benefit plan" within the scope of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1), and suits to recover benefits from an ERISA plan present a federal question. 29 U.S.C. § 1132.

FILED OCT 0 1 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD OCT 0 1 2001
DEPUTY CLERK

settlement. The Fund moved for summary judgment on Olin's claim and on its counterclaim. Summary judgment is appropriate if no genuine issue of material fact exists and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). For the reasons stated in this Order, the Court will grant the Fund's motion.

I.

In 1998 and early 1999, the Fund paid $5,669.54 for medical treatment of injuries to Olin's neck and shoulders and paid Olin an additional $278.57 in disability benefits related to the same injuries. Olin later filed a claim against his employer in Minnesota workers' compensation court in which Olin alleged, inter alia, that he sustained the injuries for which the Fund paid benefits in the course of his employment. The Fund's governing document, the Summary Plan Description (Van Ryswyk Affidavit Exhibit A, hereinafter "SPD") gave the Fund an interest in any recovery from Olin's employer[2], and the Fund intervened in the workers' compensation action to protect that interest. On July 15, 1999, the day the workers' compensation action was set for trial, the Fund rejected a settlement offer from the employer which would have paid the Fund $2,000 and would have paid Olin $40,000. Olin did not testify at the trial and did not call a treating physician to testify on his behalf. Several days after trial, Olin requested leave from the workers' compensation court to withdraw his claims related to the injuries for which the Fund had paid benefits. On July 30, 1999, the workers' compensation court entered an order denying Olin's request to withdraw some claims and disallowing all of Olin's claims. (Nissen Affidavit Exhibit B.) That order included a finding that the Fund was not entitled to reimbursement of benefits paid to Olin. Id. at 4. Neither the Fund nor Olin challenged that finding on appeal.

Despite the workers' compensation court's order, and after the time to appeal from that

---

[2] The SPD provides the Fund with a first-priority subrogation right against and an independent right of reimbursement from "any third party who or which is in any way legally obligated to reimburse or compensate [the participant] ... for any loss whatsoever relating in any way" to the Fund's payment of medical or disability benefits. (SPD at 54.)

order expired[3], the employer on September 16, 1999, agreed to pay Olin $46,000 to settle Olin's workers' compensation claims. (Nissen Affidavit Exhibit G.) The Fund was not involved in negotiating the settlement agreement and received none of the proceeds. Although the stipulation for settlement specifically mentions only injuries for which the Fund had not paid benefits, the settlement agreement also states that it constitutes "a full, final and complete settlement of any and all claims with respect to any and all injuries claimed to have been sustained by" Olin, including Olin's neck and shoulder injuries. Id. at 3. The workers' compensation court approved the settlement agreement on September 29, 1999, and ordered the employer to pay Olin in accordance with the agreement's terms. (Nissen Affidavit Exhibit H.)

After learning of the settlement agreement, the Fund refused to pay Olin's pending and future claims for benefits. Olin appealed that decision to the Fund's Board of Trustees, which affirmed the denial of benefits as a means of recouping its claimed interest in Olin's settlement proceeds. (Evans Affidavit Exhibit A.) The Trustees on behalf of the Fund concluded that the terms of the settlement agreement between Olin and his employer, along with Olin's conduct leading up to the settlement, evinced an intent to frustrate the Fund's interest in reimbursement and thereby to breach Olin's duty to cooperate with the Fund[4]. Id. Olin then requested that the workers' compensation court reopen his case for the purpose of determining Olin's rights vis a vis the Fund. (Second Evans Affidavit Exhibit A.) The workers' compensation court denied Olin's request on the ground that the workers' compensation court lacked jurisdiction to construe the terms of an ERISA plan. (Second Evans Affidavit Exhibit C.)

---

[3] Parties to Minnesota workers' compensation proceedings may take appeals to Minnesota's Workers' Compensation Court of Appeals within 30 days of after service of an order on the merits of the case. Minn. Stat. § 176.421 Subd. 1.

[4] The SPD conditions the participant's receipt of benefits upon the participant "extend[ing] all assistance and cooperation to the [Fund] which is reasonably necessary to assist the [Fund] in the recovery of the amounts due it." (SPD at 55.)

II.

The Fund seeks an order from this Court dismissing Olin's challenge to the Fund's denial of benefits and a judgment against Olin representing the Fund's interest in Olin's settlement proceeds[5]. With respect to the denial of benefits, the SPD provides that the Fund's Trustees may resolve all "questions or controversies ... as to a claim for benefits, as to the construction of language or as to any writing, decision, instrument, or account in connection with the operation of the Fund." (SPD at 6.) The parties do not dispute that this provision gives the Fund's Trustees discretionary authority to determine eligibility for benefits, so the Court must review the denial of benefits to Olin under a deferential abuse of discretion standard. Milone v. Exclusive Healthcare, Inc., 244 F.3d 615, 618 (8th Cir. 2001).

The SPD does not explicitly allow the Fund to deny benefits if a Fund participant refuses to reimburse the Fund from a settlement with a third party. The SPD, however, does impose a duty of cooperation upon Fund participants. As the Fund interprets the cooperation provision, the Fund has the authority to deny benefits to a participant who does not comply with the duty of cooperation when the participant's noncompliance frustrates the Fund's ability to obtain

---

[5] A judgment in favor of the Fund arguably would be contrary to the Minnesota workers' compensation court's finding that the Fund was not entitled to reimbursement. The Court for that reason sua sponte asked the parties to consider whether the workers' compensation court's judgment barred federal jurisdiction over the Fund's counterclaim pursuant to the Rooker-Feldman doctrine. See Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000) (holding that "lower federal courts lack subject matter jurisdiction over challenges to state court judgments"), cert. denied sub nom. Halbman v. St. Louis County, __ U.S. __, 121 S.Ct. 1168 (2001). As an initial matter, it is not clear that the workers' compensation court is a "state court" such that its judgment implicates the Rooker-Feldman doctrine. See, e.g., Van Harken v. City of Chicago, 103 F.3d 1346, 1348 (7th Cir.) (holding that the Rooker-Feldman doctrine does not apply to state administrative decisions), cert. denied, 520 U.S. 1241 (1997). Furthermore, even assuming the workers' compensation court is a "state court" for this purpose, its order requiring the employer to pay Olin in accordance with the settlement agreement effectively contravenes its earlier finding that the Fund was not entitled to reimbursement. The earlier finding was predicated on the assumption that the employer was not liable to Olin and did not address the merits of the Fund's claim against Olin. This Court accordingly has jurisdiction over the Fund's counterclaim because a judgment in favor of the Fund would be consistent with the employer's agreement to pay Olin and with the resulting modification of the workers' compensation court's judgment.

reimbursement from a third party. This interpretation is consistent with the Fund's status as an excess insurer, with the language of the cooperation provision and the SPD as a whole, and with the goals of the ERISA statute. The Fund's interpretation of the SPD thus meets the criteria set out in Finley v. Special Agents Mut. Benefit Ass'n, 957 F.2d 617, 621 (8th Cir. 1992), and is not an abuse of discretion.

Given that interpretation, the Fund may deny benefits to Olin if the denial is based on "substantial evidence." Milone, 244 F.3d at 618 (citations omitted). The Trustees were aware that Olin's injuries for which the Fund paid benefits were part of Olin's workers' compensation case and were an issue in the workers' compensation settlement agreement. Although the settlement agreement on its face involves injuries unrelated to the Fund's interest, the release of liability for all of Olin's injuries indicates that the settlement was related in some way to Olin's neck and shoulder injuries despite the characterization of the agreement. The broad nature of the settlement provides a sufficient basis for the determination that the Fund had a right to reimbursement from the settlement proceeds. And in determining that Olin failed to cooperate with the Fund, the Fund's Trustees noted that Olin did not present a strong case at trial, attempted to defeat the Fund's claim through withdrawing claims for certain injuries, and somehow managed to receive a larger settlement offer after the workers' compensation court rejected all of his claims. The Fund's conclusion that Olin violated his duty to cooperate is reasonable in light of those facts and also is not an abuse of discretion.

Olin does not take issue with the Fund's interpretation of the SPD or with the Fund's view of the evidence. Olin argues instead that the Fund cannot justifiably deny benefits to Olin simply because the Fund did not receive satisfactory relief from the workers' compensation court. As Olin points out, the Fund did not participate meaningfully in the workers' compensation trial and did not appeal the workers' compensation court's findings. According to Olin, the Fund is accountable for its failure to protect its own interests in the workers' compensation proceedings and therefore should have no discretion to hold Olin responsible for the Fund's losses. This argument would have more merit if the workers' compensation court's

judgment precluded the Fund as a matter of law from asserting its rights against Olin in another forum. See Graham v. Special Sch. Dist. No. 1, 472 N.W.2d 114, 115-16 (Minn. 1991) (noting that quasi-judicial administrative decisions may have res judicata and collateral estoppel effect under Minnesota law). The workers' compensation court, however, specifically held that it lacked jurisdiction to decide the matters at issue in this case. The Fund accordingly did not waive or otherwise lose its rights under the SPD, including its discretionary authority to deny benefits to Olin, because the Fund could not have asserted those rights in any prior proceeding.

Finally, Olin has presented no evidence tending to show that the amount the Fund claims is incorrect. The parties do not dispute that the Fund may enforce its rights against Olin by way of a counterclaim. See SPD at 55 (providing that the Fund may enforce its rights in "any court proceeding"). The parties also do not dispute that the Fund paid a total of $5,948.11 for injuries related to Olin's workers' compensation settlement. In the absence of an issue of fact concerning the amount owing, the Fund is entitled to judgment against Olin to the full extent of its benefit payments.

III.

For the foregoing reasons, **IT IS HEREBY ORDERED THAT**:

1. The Fund's motion for summary judgment is GRANTED.

2. Olin's Complaint is DISMISSED with prejudice.

3. The clerk shall enter judgment as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED that**

**1) Plaintiff's Complaint is DISMISSED with prejudice;**

**2) Defendants shall have and recover of the Plaintiff $5,948.11.**

Dated: October 1, 2001

DONALD D. ALSOP, Senior Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: **OCT 0 1 2001**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995